IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DASHAWN M. ROBERT,

    Plaintiff,

v.

VISIONS NIGHTCLUB OWNERS
TOM REICHENBERGER AND DAVID
BROWN, and THE CITY OF MADISON,

    Defendants.

OPINION AND ORDER

Case No. 19-cv-401-wmc

Plaintiff Dashawn Roberts brings this proposed civil action, claiming defendants, the owners of Visions Nightclub and the City of Madison, acted negligently in failing to protect him from being shot while he was a patron at Visions Nightclub on the night of December 9, 2018. He is seeking monetary damages. Having been permitted to proceed *in forma pauperis*, Robert's complaint requires screening. 28 U.S.C. § 1915(e)(2). Since this court's consideration of Roberts claims will interfere with an ongoing state court criminal proceeding, the court will abstain from exercising jurisdiction and stay this matter.

ALLEGATIONS OF FACT[1]

Plaintiff Dashawn Roberts, an Illinois citizen, was a patron at Visions Nightclub on December 9, 2018. While there, Roberts got into a physical altercation that lead to him

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). As reflected below, the court also supplements the allegations in the complaint with dates and information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's complaint and supplement, viewing the record in a light most favorable to plaintiff. *See* Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749

being stabbed in the right eye and shot in the abdomen. Roberts was eventually found in the basement of Visions and taken to a hospital, where he underwent emergency surgery. He sustained severe damage to his intestine, a portion of his stomach was removed, and his livery and kidney were damaged. Robert suffers from Post-Traumatic Stress Disorder as a result of this incident. He claims that the owners of Visions are negligent in that they allowed an unauthorized a gun in the establishment. He further claims the City of Madison was negligent in allowing Visions to operate as a sexually-oriented business in an area not zoned for that type of business. Thus, Robert claims, the City of Madison essentially allowed the negative secondary effects of a sexually-oriented business, presumably violence, occur.

Publicly available records show that on December 13, 2018, a criminal complaint was filed against Robert, charging him with first degree reckless injury and use of a dangerous weapon, in violation of Wis. Stat. §§ 940.23(1)(a), 939.63(1)(a); three counts of first degree recklessly endangering safety and use of a dangerous weapon, in violation of Wis. Stat. §§ 941.30(1), 939.63(1)(a); carrying a handgun where alcohol is sold or consumed, in violation of Wis. Stat. § 941.237(2); disorderly conduct and use of a dangerous weapon, in violation of Wis. Stat. §§ 947.01(1), 939.63(1)(a); and carrying a concealed weapon, in violation of Wis. Stat. § 941.23(2). *State of Wisconsin v. Robert*, No. 2018CF2509 (Dane Cty.), available at https://wcca.wicourts.gov (last visited Sept. 19, 2019). The charges arose from an offense that occurred on December 9, 2018. Those

---

(7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

records show that Robert was found guilty by a jury on all counts, and the matter is currently set for sentencing.

OPINION

Plaintiff seeks to proceed on a theory that defendants acted with negligence in allowing him to be shot at the nightclub. However, in these circumstances the court is required to abstain from considering *any* of the claims he is pursuing because plaintiff's criminal proceeding appears to have arisen these events and is still ongoing. Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances not present here. Since plaintiff's claims in this lawsuit would require analysis of the facts and circumstances related to his criminal proceeding, resolving his claims in this lawsuit would most assuredly affect, if not outright interfere with, that criminal case. As such, the court will stay this matter, subject to reopening once plaintiff's state court proceedings have concluded. *See Gakuba v. O'Brien*, 711 F.3d 751, 753-54 (7th Cir. 2013) (finding that when a plaintiff seeks monetary damages related to an on-going state proceeding, a stay, rather than dismissal without prejudice, is necessary to preserve the plaintiff's civil rights damages claims).

ORDER

IT IS ORDERED that:

1. The court ABSTAINS from exercising jurisdiction over plaintiff's claims in this lawsuit, pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971).

2. This matter is STAYED, pending resolution of plaintiff's pending state criminal proceedings, including any relevant state collateral review proceedings.

Entered this 11th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge