IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DASHAWN M. ROBERT,

                    Plaintiff,

    v.                                               OPINION and ORDER

VISIONS NIGHTCLUB OWNERS TOM
REICHENBERGER and DAVID BROWN, THE CITY        19-cv-401-wmc[1]
OF MADISON, and MAYOR SATYA RHODES-
CONWAY,

                    Defendants.

---

Pro se plaintiff Dashawn Robert contends that defendants, Visions Nightclub, the owners of Visions Tom Reichenberger and David Brown, the City of Madison, and Madison Mayor Satya Rhodes-Conway, negligently failed to protect him from injury while he was a patron at Visions Nightclub in December 2018. Robert filed this lawsuit in May of 2019, but the court stayed this matter because Robert was facing criminal charges arising from the events at Visions. Because Robert recently notified the court that he was acquitted of the charges against him, the court reopened this matter.

Robert is proceeding in forma pauperis, so the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

Robert's complaint does not state a claim, so I am dismissing it without prejudice for failure to state a claim upon which relief can be granted. I will give Robert the opportunity to file an amended complaint that corrects the problems identified in this order.

ANALYSIS

Plaintiff Dashawn Robert, an Illinois citizen, was a patron at Visions Nightclub on December 9, 2018. While there, Robert got into a physical altercation that led to him being stabbed in the right eye and shot in the abdomen. Robert was found in the basement of Visions and taken to a hospital, where he underwent emergency surgery. He sustained severe damage to his intestine, a portion of his stomach was removed, and his liver and kidney were damaged. Robert suffers from Post-Traumatic Stress Disorder as a result of this incident.

Robert contends that the owners of Visions were negligent in allowing an unauthorized gun in the establishment and that the City of Madison was negligent in allowing Visions to operate as a sexually-oriented business in an area not zoned for that type of business. Thus, Robert claims, the City of Madison allowed the negative secondary effects of a sexually-oriented business, violence, to occur.

Robert seeks to proceed against defendants under federal law, and I understand him to be pursuing claims under 42 U.S.C. § 1983. But § 1983 is a personal liability statute. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016). Robert fails to state an individual capacity claim against Rhodes-Conway because he does not allege that Rhodes-Conway was aware of illegal or dangerous activities occurring at Visions. To proceed against the City of Madison or against Rhodes-Conway in her official capacity, Robert would need to allege that he was harmed by a city policy or custom, or by a city official with final policymaking authority.

*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Robert says that the city permitted Visions to operate as a sexually-oriented business in a residential area. Robert does not contend that Visions was allowed to operate as a result of a policy or custom, nor does he allege that Rhodes-Conway made any decision related to Visions that led to his injuries. So, Robert does not state a constitutional claim against the City of Madison or Rhodes-Conway.

That said, Robert may be able to pursue state-law claims against defendants under this court's diversity jurisdiction, 28 U.S.C. § 1332, because Robert alleges that he is a citizen of a different state than defendants and he is seeking compensatory damages well in excess of $75,000.

I will dismiss Robert's negligence claims against the City of Madison and Rhodes-Conway because Robert has not alleged that he satisfied Wisconsin's notice-of-claim statute. Section 893.80(1d) provides that no action may be brought or maintained against a city or city employee acting within the scope of his or her employment before three things happen. First, the plaintiff must serve written notice of the claim within 120 days of the event giving rise to the claim. Wis. Stat. § 893.80(1d)(a). Second, the plaintiff must present a "claim containing the address of the claimant and an itemized statement of the relief sought" to "the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant." *Id.* § 893.80(1d)(a). Third, the claim must be disallowed. *Id.* Failure to comply with these requirements results in dismissal of the claim. *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 301, 588 N.W.2d 19 (1999); *Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 530 N.W.2d 16 (Ct. App. 1995). Robert has not alleged that he met these requirements.

In fairness, Wis. Stat. § 893.80(1d)(a) provides that: "Failure to give the requisite notice shall not bar action on the claim if [the defendant] had actual notice of the claim and the

3

claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant." But Robert does not suggest that city officials were aware of his negligence claims, and knowledge of the relevant events does not qualify as notice of the claim under § 893.80(1d)(a). Instead, the defendants must have notice of the claim, meaning that they are aware of the "specific relief" the plaintiff requests. *See Smith v. Wilson*, No. 10-cv-62-wmc, 2011 WL 13135631, at *3 (W.D. Wis. Mar. 7, 2011). Filing of the lawsuit itself does not satisfy the notice requirement. *See Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 911 (7th Cir. 1985); *Zinke v. Milwaukee Transp. Servs., Inc.*, 99 Wis. 2d 506, 513, 299 N.W.2d 600, 604 (Ct. Appl. 1980). Because Robert does not allege that the City of Madison or Rhodes-Conway was aware of the relief he is seeking in this lawsuit before he filed this case, I must dismiss the negligence claim against these two defendants.

As for Visions, Reichenberger, and Brown, a negligence claim under Wisconsin law requires the following four elements: (1) breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I understand Robert to contend that Visions, Reichenberger, and Brown breached a duty of care owed to him by failing to search its patrons because Visions, a sexually-oriented business that served alcohol, created an environment likely to result in gun violence. Yet under Wis. Stat. § 125.035(2), a person is immune from civil liability for events arising out of procuring alcoholic beverages to another person. There is no exception to this statute for persons who operate a sexually-oriented business like Visions. Additionally, in Wisconsin it is legal to carry a concealed weapon, *see* Wis. Stat. § 175.60, and "[a] person that does not prohibit an individual from carrying a concealed weapon on property that the person owns or occupies is immune from any liability arising from its decision," *see* Wis. Stat. § 175.60(21)(b). There are

exceptions to the ability to carry a concealed weapon. One exception that may have applied to patrons at Visions provides that "[w]hoever intentionally goes armed with a handgun on any premises for which a Class 'B' or 'Class B' license or permit has been issued . . . is guilty of a Class A misdemeanor." Wis. Stat. § 941.237(2). Because it served alcohol, Visions may have had a Class B liquor license, meaning it would have been illegal to carry a concealed armed weapon onto the premises.

I have not found authority suggesting that the immunity of § 125.035(2) does not apply if a patron illegally brings a handgun into an establishment. But even assuming the immunity does not apply here, Robert's allegations do not show that these defendants breached a duty of care. In Wisconsin, without allegations suggesting that the Visions owners knew or should have known that gun violence occurred at that establishment, and that its patrons may be bringing in concealed weapons illegally, the absence of security to search its patrons for weapons does not amount to a breach of a duty of care. *See Kolstad v. White Birch Inn, LLC*, 314 Wis. 2d 508 ¶ 4, 758 N.W.2d 225 (Table) (Wis. Ct. App. Sept. 16, 2008) (tavern owner not liable for assault that occurred in the parking lot of the establishment because there was no evidence prior to the fight of incidents at the tavern requiring police response). Because Robert alleges nothing suggesting that before the incidents of December 2018 the owners knew or should have known that gun violence was likely at Visions, his complaint does not support a negligence claim against Visions, Reichenberger, or Brown.

I will dismiss Robert's complaint without prejudice for failure to state a claim upon which relief can be granted. Consistent with circuit precedent, I will give Robert a deadline by which he can file an amended complaint that supports a claim, applying the applicable legal standards. If Robert submits a proposed amended complaint by the deadline set forth below, I

will screen it under § 1915(e)(2). If Robert fails to submit an amended complaint by the deadline set below, I will dismiss this case with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Dashawn's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff has until December 13, 2022, to file an amended complaint.

3. If plaintiff fails to comply with this order by that deadline, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge